## CORKERN v. COWLEY

———

(February 11, 1929.   Opinion and Decree.)

———

Walter F. Marcus, of New Orleans, attorney for plaintiff, appellee.

H. M. Ansley, of New Orleans, attorney for defendant, appellant.

JONES, J. In this case defendant has appealed from a judgment on a promissory note on the ground that the judge of the lower court should have granted him a continuance and an opportunity to present his witnesses upon the trial of the case.

The petition contains the allegations usually found in a suit on a promissory note, and the note itself is brought up in the record.

The defense in this court is based upon Article 3 of defendant's answer, which reads as follows:

"Further answering Article Two of plaintiff's petition your respondent shows that your respondent, W. H. Ward and E. E. Lafaye were endorsers on a note of the A. J. Higgins Lumber Co., held by the Interstate Trust and Banking Company. That on the afternoon of April 11th, 1927, the plaintiff in this case, being a member of the firm of Marcus and Corkern, Attorneys-at-law in this City, and representing themselves to be attorneys for the Interstate Trust and Banking Company, called at respondent's office, 309 Louisiana Building, and informed respondent that there was ten (10%) per cent attorney's fees due on notes signed jointly by your respondent, and W. H. Ward, and E. E. Lafaye as endorsers on a note of the A. J. Higgins Lumber and Export Company; that said W. H. Ward and E. E. Lafaye were paying one-third of said attorney's fees, respondent's share being Four Hundred Sixty Dollars and Twelve Cents ($460.12). That respondent signed said note which was then and there presented by the said plaintiff with the distinct understanding that W. H. Ward and E. E. Lafaye were paying a similar amount and it was only on said statement that said note was signed, and with the further agreement that the amount of said note was to be paid from and out of dividends and monies to be received by respondent from the liquidation of the A. J. Higgins Lumber Co., that had not such agreement been made and had not such representations been made by the plaintiff, respondent would not have executed said note. For the above reasons your respondent is not responsible therefor."

There was judgment below for plaintiff in the full amount claimed, $460.12, with 8% per annum interest from July 11, 1927.

The record shows that plaintiff in the suit, a member of the law firm of Marcus and Corkern, when placed on the stand under the act, testified in full to all of the circumstances surrounding the giving of the note and wound up by stating most positively that defendant had phoned Mr. Lafaye in his presence before signing the note and that Mr. Lafaye if present, would have so testified.

When the attorney for defendant, on the argument of this case, was asked by one of the judges, if the defense alleged in Article 3 of his answer would have been valid, even had it been proven, he promised to file authorities in support of his contention of its validity but up to this time, has failed to do so.

The record shows that on the day of the trial, defendant was not in the Court when the case was called and that Mr. E. E. Lafaye, whom he asserted was his chief witness was also absent. The trial judge correctly refused to grant a continuance as no subpoena had been issued for Lafaye's appearance. In his motion for a new trial defendant states that his absence was due to the fact that he had miscalculated the ferry time in coming from Gretna and that he had failed to summon Lafaye as a witness, because he had been told that he was ill.

Article 465 of the Code of Practice provides that continuances may be granted if one of the witnesses, who has been summoned in the case has gone away and the party swears that he did not know that such witness would be absent.

In this case no such proof was made and we find no merit in this appeal, on the contrary, we are convinced that the trial judge properly exercised his broad discretion both in going ahead with the trial and later in refusing a new trial.

For the above reasons the judgment is affirmed.